## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| CHRIS IVANOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-3400-CV-S-GAF |
| | ) |
| THE CHEMINS COMPANY, INC., | ) |
| and WAL-MART STORES, INC., | ) |
| | ) |
| Defendants | ) |

## ORDER

Presently before the Court is a Motion to Transfer filed by Defendant, Wal-Mart Stores, Inc. ("Wal-Mart").[1] (Doc. #9). Plaintiff, Chris Ivanoff ("Ivanoff") opposes this Motion. (Doc. #13). For the reasons set forth below, Wal-Mart's Motion is GRANTED.

**I. Facts**

This case was originally filed in this Court on August 25, 2005 against Chemins and Wal-Mart (collectively "Defendants"). (Doc. #1). Ivanoff alleges that he suffered heart failure as a result of ingesting an ephedra-based dietary supplement designed, manufactured, and distributed by Defendants. Id. The product that allegedly caused Ivanoff's injuries, Metabolife 356, is manufactured by Metabolife International, Inc. ("Metabolife"). (Doc. #9). Wal-Mart has informed the Court that Metabolife has a

---

[1] Co-Defendant, the Chemins Company, Inc. ("Chemins") joins in Wal-Mart's Motion to Transfer. (Doc. #19).

contractual and equitable obligation to defend, indemnify, and hold Wal-Mart harmless from the claims asserted in this action. (Doc. #10-3, Vendor Agreement).

On June 30, 2005, Metabolife filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California ("California bankruptcy court"). (Doc. #13-1). On September 16, 2005, Metabolife filed a petition with the United States District Court for the Southern District of California ("California district court") under 28 U.S.C. § 157(b)(5) (§ 157(b)(5)") for an order transferring approximately 162 personal injury or wrongful death actions pending against Metabolife and other non-debtor defendants to the California district court. (Doc. #13-3).

The Honorable Irma E. Gonzalez held a hearing on Metabolife's motion on October 24, 2005, and Judge Gonzalez granted the motion under § 157(b)(5) on November 2, 2005. (Doc. #10-4). Judge Gonzalez determined that the bankruptcy court could not confirm a plan for administration of the bankruptcy estate without considering the impact of the claims against Metabolife and other non-debtor defendants because the claims could have an effect on the administration of the bankruptcy estate. Id. Judge Gonzalez ordered the transfer of all personal injury or wrongful death Metabolife ephedra actions pending in jurisdictions throughout the country to the Southern District of California. Id.

Defendants argue that Judge Gonzalez' Order warrants transfer of this case to the Southern District of California. (Doc. #9). Defendants further argue that, even absent Judge Gonzalez' Order, transfer of venue is appropriate under 28 U.S.C. § 1404(a) ("§ 1404(a)") because the outcome of this action could have an effect on the administration of the bankruptcy estate, and transfer would serve the interests of justice and convenience because much of the information concerning Plaintiff's claim is located in the Southern District of California. Id. Plaintiff argues that the California bankruptcy court entered a

2

Stipulation and Order staying and enjoining all proceedings in any case, suit, or action against Metabolife, and therefore this case is stayed[2]. (Doc. #13-1). Plaintiff further argues that Judge Gonzalez' Order only warrants transfer of this case to the California district court for trial, not for pre-trial proceedings. Id.

## II. Legal Standard and Analysis

Wal-Mart seeks transfer of this case under § 1404(a), which provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Accordingly, the party seeking transfer must demonstrate that: (1) venue is proper in both the transferor and the transferee court; (2) the transfer is for the convenience of the parties and witnesses and (3) transfer is in the interest of justice. *See* Terra Intl. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997).

On December 5, 2005, the Honorable Scott O. Wright, United States District Court Judge for the Western District of Missouri, ordered that a similar case, Paterson v. Wal-Mart Stores, Inc., No. 05-1049-CV-W-SOW, be transferred to the California district court under § 1404(a). As in this case, the plaintiff in Paterson sought monetary redress resulting from the alleged purchase and use of Metabolife 356. The Paterson plaintiff asserted similar claims of negligence and strict liability for product defect and failure to warn against Wal-Mart based upon Wal-Mart's alleged marketing, promotion, distribution, and sale of Metabolife 356. As in this case, Metabolife is not a defendant in Paterson, but Metabolife has a contractual and equitable obligation to defend, indemnify, and hold Wal-Mart harmless from the claims asserted.

---

[2]The bankruptcy court's stipulation and order is binding on "non-debtor defendants," including Wal-Mart and Chemins. (Doc. #20-4).

3

In ordering transfer of the Paterson case, Judge Wright found that venue was proper in the Southern District of California because an indemnity claim asserted by Wal-Mart against Metabolife could affect the administration of the Metabolife bankruptcy estate, and because considerations of convenience and the interests of justice favored transfer. Judge Wright explained:

> First, venue is proper in the Southern District of California because the case is "related to" the Metabolife bankruptcy proceeding pending in the Bankruptcy Court in that District. *See* 28 U.S.C. § 1409(a). Although Metabolife is not a defendant, Wal-Mart will have a claim for indemnity under its agreement with Metabolife–a claim which could affect the administration of the estate and Metabolife's obligations as the debtor. Second, defendant Wal-Mart has demonstrated that transfer is for the convenience [of] the parties and witnesses. The majority of documentation as well as the witnesses in this case would be at the Metabolife headquarters in California or in the Metabolife document depository in Southern California. Finally, transfer is in the interest of justice. Approximately 162 state court actions across the United States concerning the Metabolife product are the subject of removal or transfer motions to the Southern District of California. The transfer of this case will contribute to efficient and consistent outcomes.

Paterson v. Wal-Mart Stores, Inc., No. 05-1049-CV-W-SOW (W.D. Mo. Dec. 5, 2005) (Doc. #15).

In the instant case, as in Paterson, much of the information concerning Plaintiff's claim and many of the witnesses are located in the Southern District of California. Both cases are subject to the same vendor agreement between Wal-Mart and Metabolife and will involve similar indemnification issues which could affect the administration of the estate and Metabolife's obligations as the debtor. The transfer of this case will contribute to the efficient resolution of the litigation and consistent outcomes. As in Paterson, considerations of justice and convenience justify transfer in this case as well.

Moreover, Plaintiff's arguments do not provide a basis for this Court to deny Defendants' Motion to Transfer. Plaintiff argues that, pursuant to an Order entered on September 9, 2006 by the California bankruptcy court, this action is stayed and Defendants' present Motion is a violation of that stay. (Doc.

4

#13-1). However, the California bankruptcy court specifically based its approval of a preliminary injunction for a stay on the "multi-party stipulation executed in the Ephedra Products Liability MDL...and the approval of that stipulation by the United States District Court for the Southern District of New York." (Doc. #20-4 at 2). The parties right to file "any motion, document or appropriate proceeding...relating to the choice of forum, venue, or jurisdiction with respect to any Metabolife Ephedra Litigation Cases pending or subsequently commenced" was carved out of the stay. Id. Thus, since the bankruptcy court's stay order allows parties to file venue and jurisdictional pleadings, Wal-Mart's present Motion is not a violation of that stay.

Plaintiff further argues that the Southern District of California will not oversee pretrial proceedings in the non-MDL actions that Judge Gonzalez ordered to be transferred to that District. To the contrary, Judge Gonzalez' order allows pretrial activities in non-MDL actions to be administered in the Southern District of California. (Doc. #10-4 at 8). While Judge Gonzalez established that personal injury and wrongful death actions that are in the MDL will remain in the MDL for pretrial proceedings and will eventually be tried in the Southern District of California, Judge Gonzalez ordered "immediate transfer" of 162 non-MDL ephedra actions such that all further proceedings will occur in the Southern District of California. Id. at 9. Consequently, Plaintiff's argument that the California district court will not oversee trial proceedings in the instant case is without merit.

## CONCLUSION

This case is related to the Metabolife bankruptcy proceeding and Wal-Mart has demonstrated that the transfer is for the convenience of the parties and witnesses. Accordingly, Wal-Mart's Motion to Transfer is GRANTED.

5

**IT IS SO ORDERED.**

                                                           /s/ Gary A. Fenner
                                                         GARY A. FENNER, JUDGE
                                                          United States District Court

DATED:    March 3, 2006